UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Muhammad, | ) C/A No. 3:12-1196-MGL-JRM |
| Plaintiff, | ) |
| vs. | ) |
| GEO Care; | ) |
| Just Care; | ) Report and Recommendation |
| Columbia Care Center; | ) for Partial Summary Dismissal |
| Columbia Regional Care Center; | ) |
| Department of Mental Health; | ) |
| Byrans Hospital; | ) |
| Traylor Jowers: | ) |
| Harvey Miller; | ) |
| Chief McClease; | ) |
| Steve Adwell; | ) |
| David Calef; | ) |
| Cris Lindgren, | ) |
| Defendants. | ) |

James Muhammad ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, indicates that he is currently confined at Geo Care. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that the amended complaint should be summarily dismissed as to the following Defendants: Geo Care; Just Care; Columbia Care Center; Columbia Regional Care Center, the Department of Mental Health; Byrans Hospital; Traylor Jowers; Harvey Miller; Chief McClease; Steve Adwell; and David Calef. In a separately docketed order, the undersigned has authorized service against Defendant Cris Lindgren.

## BACKGROUND

Plaintiff filed a document alleging claims against the facility in which he is currently confined. ECF No. 1. Because Plaintiff submitted the complaint by facsimile, it did not contain an original signature. Plaintiff also failed to submit the financial and service documents required for initial review of his pleading. Therefore, the undersigned issued an order on May 21, 2012, providing Plaintiff an opportunity to bring this case into proper form. ECF No. 6. The order directed Plaintiff to clearly identify, and provide a statement of claim against, the Defendants he intended to name in this case. *Id.* at 1-2. Plaintiff complied with the order by submitting an amended complaint, which added the following six Defendants to this case: Traylor Jowers; Harvey Miller; Chief McClease; Steve Adwell; David Calef; and Cris Lindgren. ECF No. 9.

The amended complaint provides no facts against any of the Defendants named in the original complaint. However, the amended pleading alleges that Defendants Traylor Jowers, Steve Adwell, and Harvey Miller "illegally admitted me to Geo Care." *Id.* at 3. Plaintiff claims that Chief McClease "and all above mentioned monopolized my property and gifts." *Id.* Defendant David Calef allegedly "violated court and attorney client" confidentiality and Defendant Cris Lindgren "illegally medicated [Plaintiff] with a poisonous medication." *Id.* Plaintiff further alleges that he is not under the jurisdiction of the Department of Mental Health, nor does he have any other court orders which would allow or order him to be medicated. *Id.* Plaintiff seeks monetary damages for the Defendants' actions.[1] *Id.* at 5.

---

[1] To the extent Plaintiff may be attempting to challenge his present confinement, he may not do so under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

## APPLICABLE LAW AND ANALYSIS

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably construe the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey,*

*Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

As an initial matter, Plaintiff names several facilities in the amended complaint, which provide various types of detention management, medical and mental health rehabilitation services to federal, state and local governmental agencies.[2] As indicated above, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996). Thus, facilities used primarily to provide detention management, medical, and mental health services, are not considered a "person" amenable to suit under § 1983. In any event, Plaintiff provides no factual allegations against any of the facilities named in the amended complaint's

---

[2] Geo Care is a facility in Columbia, South Carolina, which offers correctional and detention management services and medical and mental health rehabilitation services to federal, state and local governmental agencies. *See* http://www.geogroup.com/ (last visited July 2, 2012). It is unclear from the pleading why Plaintiff is confined to this facility.

caption.³ Therefore, the following Defendants are entitled to summary dismissal from the instant action: Geo Care; Just Care; Columbia Care Center; Columbia Regional Care Center; Byrans Hospital; and the Department of Mental Health.⁴

It is further noted that the South Carolina Department of Mental Health is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); *Alabama v. Pugh*, 438 U. S. 781 (1978). State agencies and state instrumentalities, such as the South Carolina Department of Mental Health, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). Thus, the South Carolina

---

³ The original pleading alleged that unidentified individuals had tampered with Plaintiff's legal mail. ECF No. 1 at 2. However, Plaintiff's original complaint failed to indicate that the alleged mail tampering resulted in any "actual injury" or impediment to a non-frivolous legal action, as required to establish a constitutional claim for denial of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993).

⁴ Geo Care is also referred to by Plaintiff as Just Care, Columbia Care Center, Columbia Regional Care Center, Byrans Hospital and the Department of Mental Health. ECF No. 9 at 2.

Department of Mental Health is also entitled to summary dismissal from the instant action based on Eleventh Amendment immunity.[5]

Next, Plaintiff alleges that Defendants Jowers, Adwell, and Miller "illegally admitted me at Geo Care." Plaintiff claims that Defendant McClease, "and all above mentioned monopolized by property and gifts." Defendant Calef is named for violating "court and attorney client" confidentiality. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court held:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)). Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

---

[5] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

Cir. 1985). The pleadings in the instant action provide no factual support for Plaintiff's conclusory allegations against Defendants Jowers, Adwell, Miller, McClease, and Calef. Therefore, these Defendants are entitled to summary dismissal from this case.

### *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the amended complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process as to the following Defendants: Geo Care; Just Care; Columbia Care Center; Columbia Regional Care Center, the Department of Mental Health; Byrans Hospital; Traylor Jowers; Harvey Miller; Chief McClease; Steve Adwell; and David Calef.

August 24 , 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).